# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,
EX REL, THOMAS A. BERG, TIMOTHY A.
BERG, RYNE J. LINEHAN, NAYER M.
MAHMOUD, and STANLEY E. SMITH,

       Plaintiffs,

  v.

HONEYWELL INTERNATIONAL, INC., and
HONEYWELL, INC.,

       Defendants.

Case No. 3:07-cv-00215-SLG

## <u>ORDER RE MOTION FOR ATTORNEY FEES</u>

Before the Court at Docket 325 is Defendants' Motion for Attorney Fees. The motion is fully briefed.[1] The Court heard oral argument on the motion on April 24, 2017.

## DISCUSSION

Honeywell contends that it is entitled to recover attorneys' fees under any of three standards: the False Claims Act provision for attorneys' fees at 31 U.S.C. § 3730(d)(4); the Vexatious Litigant Statute at 28 U.S.C. § 1927; and the Court's inherent authority to impose sanctions for bad faith conduct. Honeywell seek fees from the Relators themselves under the FCA, and from Relators' counsel under § 1927 and the Court's inherent authority.

---

[1] *See* Docket 326 (Mem.); Docket 354 (Corrected Opp.); Docket 355 (Reply); Docket 360-1 (Surreply). The Court addressed other filings related to this motion in an earlier order. *See* Docket 373 (striking certain filings and granting leave to file surreply).

## I.     The FCA Provision

The default rule for an FCA action is that a successful relator is entitled to an award of attorneys' fees.[2]   But the award of fees to a prevailing defendant "under the False Claims Act is reserved for rare and special circumstances."[3]   A successful defendant in an FCA action is entitled to such an award only if "the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."[4]   This standard largely mirrors that used to determine whether a prevailing defendant is entitled to attorneys' fees under 42 U.S.C. § 1988.[5]

As the Ninth Circuit has explained:

> An action is "clearly frivolous" when "the result is obvious or the appellant's arguments of error are wholly without merit."   An action is "clearly vexatious" or "brought primarily for purposes of harassment" when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant.[6]

Honeywell does not contend that this action was "clearly vexatious" or "brought primarily for purposes of harassment."[7]   Rather, Honeywell contends that it was "clearly

---

[2] *See* 31 U.S.C. § 3730(d)(1) (if government intervenes, a successful relator "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs"); *id.* § 3730(d)(2) (same if government does not intervene).

[3] *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006–07 (9th Cir. 2002).

[4] 31 U.S.C. § 3730(d)(4).   As Honeywell notes, such an award would be against Relators, not Relators' counsel.   *See Pfingston*, 284 F.3d at 1006.

[5] *See Pfingston*, 284 F.3d at 1006.

[6] *Pfingston*, 284 F.3d at 1006 (citations omitted) (quoting *Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. 1994), and citing *Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001); *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988)).

[7] *See* Docket 326 at 6 (describing the case as "frivolous").   *But see* Docket 355 (Reply) at 3 (faulting Relators for failing to address vexatiousness or intent to harass).   To the extent Honeywell did in fact intend to argue that the lawsuit was "clearly vexatious or brought primarily for purposes of harassment," it has not met its burden to show that Relators "pursue[d] the litigation with an

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 2 of 19

frivolous" because of the substantial evidence of government knowledge and participation in crafting the Electrical Baseline Adjustment and because separate federal investigations into the contracts concluded there was insufficient evidence of fraud.[8]  Relators respond that their argument that the government knowledge in this case was insufficient to defeat liability was not frivolous.[9]

The Ninth Circuit has explained that a court should deny an award of attorneys' fees when the "circumstances furnish some basis, albeit somewhat tenuous, for one to theorize" a claim, even if "evidence to support such a theory failed to materialize, and summary judgment was properly granted in favor of the defendant[]."[10]  Relators were not required to accept the government investigators' assessments of the evidence.  The fact that this Court granted summary judgment in favor of Honeywell does not mean the result was "obvious" or that Relators' arguments were "wholly without merit."  Honeywell has not shown that this is a "rare and special circumstance[]" that warrants attorneys' fees under the FCA.  Accordingly, the Court will deny Honeywell's motion seeking attorneys' fees against Relators pursuant to the False Claims Act.

---

improper purpose, such as to annoy or embarrass the defendant."  *Pfingston*, 284 F.3d at 1006.

[8] *See* Docket 326 at 5–7.

[9] Docket 354 (Corrected Opp'n) at 2.

[10] *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003) (reversing district court's award of attorneys' fees under 42 U.S.C. § 1988).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 3 of 19

## II.    Vexatious Litigant Statute and Inherent Power

Congress has authorized the award of attorneys' fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."[11]  To support an award of attorneys' fees, Honeywell must show that Relators' counsel "knowingly or recklessly raise[d] a frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an opponent."[12]  "[R]eckless nonfrivolous filings, without more, may not be sanctioned" under § 1927.[13]  To support a fee award pursuant to § 1927, then, Honeywell must show that Relators' counsel recklessly made frivolous filings or arguments, or otherwise acted "for the purpose of harassing an opponent" or some other improper purpose.

Independent of its statutory authority, a court may also award attorneys' fees when a party or attorney has acted in bad faith.[14]  Under a court's inherent power, "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper

---

[11] 28 U.S.C. § 1927.

[12] *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).

[13] *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *Keegan*, 78 F.3d at 436).

[14] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).  As the Supreme Court recently clarified, any attorneys' fees awarded under the district court's inherent power must "limited to the fees the innocent party incurred solely because of the misconduct."  *Goodyear Tire & Rubber Co. v. Haeger*, 2017 WL 1377379 at *3 (U.S. Apr. 18, 2017).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 4 of 19

purpose."[15]  Although a court's inherent power permits it to award sanctions against either a party or an attorney,[16] Honeywell mostly seeks fees only from Relators' counsel.[17]

These standards are not identical—a fee award may in some cases be appropriate under § 1927 but not under a court's inherent power, and vice versa.[18]  But because the standards under each largely overlap as relevant to this case, and because Honeywell briefed them together, the Court also addresses them together.  The alleged sanctionable conduct falls into four distinct categories: (1) representations made to the Ninth Circuit; (2) actions related to Paul Knauff; (3) frivolous motions practice; and (4) frivolous legal arguments.  The Court addresses each category in turn.

---

[15] *B.K.B.*, 276 F.3d at 1108 (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)) (internal quotation marks omitted).

[16] *See Roadway Express*, 447 U.S. at 766.

[17] *See* Docket 326 at 8 ("Counsel falsely embellished . . . ."); 10 ("Counsel recast the issue . . . ."); 11 ("Counsel lied to [the] Ninth Circuit . . . ."); 12 ("[T]he most egregious conduct was Relators' Counsel's treatment of Paul Knauff."); 15 ("Counsel also engaged in a pattern of filing unsolicited briefings . . . .").  One possible exception relates to the "renegotiation" theory, which Honeywell attributes to both Relators and Relators' Counsel.  *See* Docket 326 at 11–12 ("All of this information was directly within Relators' and Counsel's custody and control . . . yet *they* offered a theory . . . for which they had no factual support.").  As the Court explains below, it does not find this conduct sanctionable, and so it does not need to decide against whom to award any sanction.

[18] *See Chambers*, 501 U.S. at 46 ("These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions.").  As the Ninth Circuit has explained, "recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power."  *B.K.B.*, 276 F.3d at 1107 (quoting *Fink*, 239 F.3d at 993).  But reckless arguments are sanctionable under § 1927 generally only when they are also frivolous, *id.*, and reckless actions coupled with an improper purpose are "tantamount to bad faith" and thus subject to sanctions under a court's inherent power, *id.* at 1108.  So far as the mens rea requirement, then, the standards overlap except for the narrow instance when actions are both reckless and frivolous, but not with an improper purpose.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 5 of 19

*a. Ninth Circuit Appeal*

Honeywell relies on Relators' representations to the Ninth Circuit that Honeywell "overwrote" the DOE software, that Steve Craig "admitted" knowing the project would not save money, and that Honeywell planned from the outset for the project to fail in order to capture profits at a later renegotiation.[19]  In Honeywell's view, Relators' representations were knowingly false when made.[20]  As to the "overwriting" claim, Honeywell merely indicates that the evidence produced and reviewed during discovery in this case *after* the representations made to the Ninth Circuit—recall that the Ninth Circuit was considering only allegations in a complaint—did not support those representations.  That an allegation turns out to be unsupported by evidence does not automatically render it either frivolous or harassing.[21]  Honeywell has not shown that Relators' counsel's representations on overwriting justify a fee award.

As to the "Craig" claim, Honeywell has not met its burden to show that this claim was made recklessly or with intent to harass.  Rather, the Court simply held in its order

---

[19] *See* Docket 326 at 8.

[20] Generally, a district court may not award fees incurred in the Court of Appeals.  But a court's inherent power to impose sanctions extends to conduct in other tribunals that affects the litigation in the sanctioning court.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991); *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 873 (9th Cir. 1992).  Here, Honeywell seeks fees incurred only *after* remand to this Court.  In any event, any misconduct in the Court of Appeals was repeated anew when Relators actually filed their Second Amended Complaint containing those same allegations.  *See* Docket 101 at 23, ¶ 71 (detailing the alleged Craig comments); 26, ¶ 79(A) (detailing alleged software overwriting).

[21] As the Court noted in its order on summary judgment, the infiltration factors Honeywell used did appear to vary from those recommended by DOE.  *See* Docket 320 at 30.  This was a sufficient evidentiary basis from which to *allege* Honeywell overwrote the software, even if Relators were unable to later establish a genuine material issue of fact in that regard.  *Cf.* Fed. R. Civ. P. 11(b)(3).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 6 of 19

on summary judgment that Relators had failed to present sufficient evidence on which a reasonable jury might return a verdict in their favor with regard to that claim.[22]

The Court notes that in Relators' briefing on the motion for attorneys' fees, Relators have substantially augmented the record in this regard beyond what was submitted to or relied on by the Court in support of their summary judgment briefing. This includes the submission of a new declaration by Teresa Robison, one of the attendees at the July 2006 meeting, which she signed in February 2017—two months after the Court had ruled on summary judgment, and more than ten years after the July 2006 meeting.[23] Relators have also just filed a memorandum apparently written by Tim Berg shortly after the July 2006 conference call and around the same time as the Tyler Memorandum.[24] For unknown reasons, Mr. Berg's previous declaration in support of the summary judgment briefing did not append his own contemporaneous memorandum but instead relied only on the Tyler Memorandum.[25] But in any event, Mr. Berg's recently filed memorandum, consistent with Mr. Tyler's, indicates that Mr. Craig's comment at the July 2006 meeting was conditional: "Mr. Craig . . . reiterated that unless the Government lived up to its commitment to ensure actual facility heat loads that both Honeywell and the Government knew the project would not be economically viable."[26] While the newly submitted

---

[22] *See* Docket 320 at 34.

[23] *See* Docket 345-16.

[24] *Compare* Docket 345-17 (Berg Aug. 3, 2006 Mem.) *with* Docket 53-21 (Tyler Aug. 7, 2006 Mem.).

[25] *See* Docket 53-1 (Berg Decl.) at 22–23, ¶ 44; Docket 53-21 (Tyler Mem.).

[26] Docket 345-17 at 1.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 7 of 19

materials reflect the extent of certain FRA employees' distrust of Honeywell, they do not undermine the Court's ruling on summary judgment.[27] But neither do they—or any other evidence before the Court on this motion—establish that Relators and their counsel knowingly or recklessly relied on Mr. Craig's July 2006 remarks in pressing their claims. The fact that Honeywell prevailed on summary judgment does not render the Relators' claim "frivolous," nor does it prove an intent to harass. Relators' and counsel's conduct as to this issue does not warrant an award of attorneys' fees.

Relators also proffered a "renegotiation" theory to the Ninth Circuit. Although ultimately this Court found no genuine issue of material fact to support such a theory, the advancement of that theory also does not warrant an award of attorneys' fees. Despite Honeywell's contention that government documents already in Relators' possession at the time of the Ninth Circuit oral argument disproved this theory, matters concerning Honeywell's intentions in its original bidding would not necessarily be found in the government's documents. Oral argument before the Ninth Circuit took place before any extensive discovery had begun. The government's documents then in Relators' possession merely reveal that the government contemplated alternative resolutions to the AAA findings, and ultimately decided to pursue renegotiation. Honeywell has not shown the absence of any factual basis for Relators to allege the renegotiation theory to the

---

[27] *See, e.g.*, Docket 345-18 at 1 (July 27, 2006 letter from Earl W. Johnson, Contracting Officer, to Steve Craig, Honeywell Executive, memorializing the conversation and explaining that the savings "appear to depend heavily on the reduction of infiltration rates" and disputing Honeywell's contention that achieving those reductions was the government's responsibility).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 8 of 19

Ninth Circuit during the prior appeals, for that theory necessarily would turn on the later-acquired discovery related to Honeywell's documents and personnel.[28]

   b.   Paul Knauff

Honeywell maintains that attorneys' fees are warranted for Relators' counsel's conduct related to Paul Knauff's affidavit, documents, and deposition. Much of that alleged conduct, standing alone, would not warrant sanctions or an award of fees even if true. Counsel's alleged failure to notify the government or Honeywell prior to contacting Mr. Knauff, for example, does not, by itself, demonstrate bad faith. Likewise, counsel's failure to timely produce documents collected from Mr. Knauff was not shown to be done in bad faith.

The allegations that Relators' counsel procured a false affidavit and persuaded Mr. Knauff to sign it, however, are far more serious. But the record on this issue is insufficient to support Honeywell's proposed remedy. So far as the Court can discern, Relators' counsel met with and interviewed Mr. Knauff, drafted an affidavit that reflected counsel's understanding of the relevant facts, reviewed that draft affidavit with Mr. Knauff, made corrections as directed, and then provided a final version of the affidavit for Mr. Knauff to sign before a notary public. In Mr. Knauff's own telling, this notary public then went through and read each line, confirming Mr. Knauff's agreement, before having Mr. Knauff sign and date the affidavit.[29] That notary public—whose credibility is not in question—averred that Mr. Knauff was alert and appeared to fully understand the contents and

---

[28] *Cf.* Fed. R. Civ. P. 11 Advisory Committee Note to 1983 Amendment ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.").

[29] Docket 327-6 at 7–8 (Knauff Dep. at 33:18–34:9).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 9 of 19

import of the affidavit, after reviewing supporting documentation in his own file.[30] And Honeywell's contention that Mr. Knauff "would not have included almost any of the paragraphs" is somewhat misleading.[31] Mr. Knauff's testimony indicates only that he had written affidavits in the past and that if he had written this one "[i]t wouldn't have been this long."[32]

An attorney must always exercise caution to ensure that an unrepresented individual does not mistake that attorney for his own.[33] But there is no indication that Relators' counsel actively misled Mr. Knauff as to their relationship; rather, Mr. Knauff testified that he had assumed they represented him.[34] Relators' counsel explained that they represented Relators in the matter.[35] Any misunderstanding between Mr. Knauff and Relators' counsel on this point is not grounds for a fee award.

In its Reply, Honeywell argues that the Knauff affidavit contained statements that Relators' counsel knew to be false. Honeywell points to the contradiction between an After Action Review account of Mr. Knauff's actions with regard to calculating the baseline

---

[30] *See* Docket 346 (Sussex Decl.) at 1, ¶¶ 4, 7.

[31] Docket 326 (Mem.) at 14.

[32] Docket 327-6 at 8 (Knauff Dep. at 35:15); *see also* Docket 327-6 at 11, 12 (Knauff Dep. at 193:12–16, 194:21–24).

[33] *See* Alaska R. Prof. Conduct 4.3 ("When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.").

[34] Docket 327-6 at 7 (Knauff Dep. at 31:5–6); *see also* Docket 349 (Weidner Aff.) at 2, ¶ 6; Docket 347 (Benson Decl.) at 2, ¶ 7.

[35] Docket 349 at 2, ¶ 5.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 10 of 19

and the account of Mr. Knauff's actions in the affidavit.[36]  But many a witness's recollection will vary over time, even if Mr. Knauff's varied substantially.  In light of this conflict in the evidence, at summary judgment the Court specifically did not decide the issue of Mr. Knauff's role in setting the baseline.[37]

"Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like."[38]  While certain of the interactions between Relators' counsel and Mr. Knauff are questionable, Honeywell has not shown that the conduct was in bad faith so as to justify a fee award.

### c.    Motions Practice

Honeywell points to five filings by Relators that Honeywell maintains were "frivolous and vexatious."[39]  The Court addresses each filing in turn.

### 1.    Docket 174 – Case Status Report

After over eight years of litigation, this case was reassigned to the undersigned judge on January 13, 2016.[40]  Three days prior to a scheduling conference, Relators filed a "Case Status Report" that summarized their argument and view of the facts.[41]  Honeywell moved to strike that submission, and the Court did so at the scheduling

---

[36] *See* Docket 355 (Reply) at 11–12 (citing Docket 223-42 at 33; Docket 327-7 at 7).

[37] *See* Docket 320 (Order) at 22 n.96.

[38] Alaska R. Prof. Conduct 3.4 cmt.

[39] *See* Docket 326 (Mem.) at 15–17.

[40] *See* Docket 163 (Clerk's Notice).

[41] *See* Docket 174 (STRICKEN).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 11 of 19

conference.[42]  Although the Court struck the filing, the Court does not find it warrants a fee award: counsel appears to have been acting in good faith to inform the newly assigned judge of the relevant legal, factual, and procedural background of the case.[43]  No fees will be awarded for this filing.

### 2.  Docket 181 – Motion to Compel

In the midst of fact discovery, Relators filed a Motion to Compel seeking production of certain of Honeywell's internal documents that Honeywell had withheld as privileged.[44] The Court denied the motion without prejudice to renew and with specific instructions for renewal.[45]  Honeywell appears to contend that Relators' failure to renew the motion shows it to have been vexatious.[46]  The Court disagrees: that the motion was denied without prejudice to renew does not entitle Honeywell to fees; neither does Relators' decision not to renew the motion.  Indeed, the Court's order denying the motion recognized that its assessment of any renewed motion would turn on the content of Honeywell's motion for summary judgment.[47]  That Relators opted not to renew the motion to compel after reviewing the motion for summary judgment does not show that the original motion was vexatious or otherwise sanctionable.

---

[42] *See* Docket 178 (Mot.); Docket 186 (Amended Min. Entry).

[43] *See* Docket 312 at 11 (Tr. of Scheduling Conference) ("I appreciate that effort to try to bring me up to speed.").

[44] *See* Docket 181.

[45] *See* Docket 217 at 1.

[46] *See* Docket 326 at 15.

[47] *See* Docket 217 at 1.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 12 of 19

### 3. Docket 225 – Motion for Partial Summary Judgment

Relators filed a motion for partial summary judgment, contending that the undisputed facts unequivocally demonstrated Honeywell's liability.[48]  The Court, of course, denied the motion and granted summary judgment to Honeywell.[49]  Honeywell's particular complaint with regard to this filing is the insufficiency of factual citations and the late filing of "corrected" briefing and omitted exhibits.[50]

The Court will not revisit its rulings on summary judgment.  Honeywell prevailed on summary judgment in light of the relevant briefing and submitted evidence.  Relators did not.  But a fee award on this basis is unwarranted.[51]

### 4. Docket 231 – Motion to Compel

After the close of fact discovery, and after the filing of motions for summary judgment (and related oppositions), Relators filed a Motion to Compel.[52]  The Court granted that motion in part.[53]  In addition to seeking fees for its briefing on this matter, Honeywell apparently also seeks recovery of its "fees for engaging in further discovery

---

[48] *See* Docket 225 at 1.

[49] Docket 320.

[50] *See* Docket 326 at 16.

[51] The Court does note, disapprovingly, Relators' habit in this case of filing corrected briefing and exhibits—indeed, Relators did so in relation to this motion.  *See* Docket 345 (Opp.); Docket 354 (Corrected Opp.); *see also* Docket 225 (Mot. for Partial Summ. J.); Docket 302 (Corrected Mot.); Docket 261 (Reply ISO Mot. for Partial Summ. J.); Docket 276 (Corrected Reply).  The filing of corrected briefings complicates the docket and the Court's review of the materials and creates unnecessary work for both the Court this and opposing counsel.

[52] Docket 231.

[53] *See* Docket 290 at 7.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 13 of 19

and responding to deposition by written question."[54]  No fees are warranted for responding to what the Court deemed a meritorious motion or for complying with the Court's order.

### 5.  Docket 307 – Motion to Compel

Following Honeywell's compliance with the Court's order on the motion to compel discussed above, Relators filed another Motion to Compel seeking additional production of internal correspondence related to ESPC audits.[55]  The motion was denied.  But the filing of the motion to compel the supplementation of the discovery responses does not warrant a fee award.

### d.  Unfounded Legal Theories

In its Reply, Honeywell suggests that Relators unreasonably sought "new law contrary to binding precedent" rather than reasonably seeking an extension of existing law.[56]  In their Surreply, Relators counter that their position on the relevance of government knowledge was both reasonable and correct.[57]

Relators' briefing raises two distinct but related issues: first, the relevance of government knowledge to the falsity element,[58] and second, the relevance of legal ambiguity to the falsity element.[59]

---

[54] Docket 326 at 16.

[55] *See* Docket 307 at 5

[56] *See* Docket 355 (Reply) at 4.

[57] *See* Docket 360-1 (Surreply) at 3–6.

[58] *See* Docket 354 at 2–3, 12–14; Docket 360-1 at 2.

[59] *See* Docket 360-1 at 3–4.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 14 of 19

### 1. Government Knowledge

As to the first point, either the Court misunderstands Relators' argument or Relators misunderstand the Court's reasoning in its order on summary judgment. Relators appear to argue, in essence, that the terms of a statute and related regulations "cannot be changed" by government knowledge.[60] The Court agrees. But an FCA action requires a false statement, and to assess falsity a factfinder must first determine what the contractor represented to the government.

In practice, the "government knowledge defense" is less about what the government knew than it is about what the contractor said and did. As the Ninth Circuit has explained, the "knowledge" element of an FCA claim may be rebutted by showing that the contractor "completely cooperated and shared all information" with the government.[61] Scienter necessarily depends on the contractor's state of mind, not the government's. Thus, although termed a "government knowledge defense," this aspect of the "defense" is really focused on the contractor's conduct and how that conduct reflects on the contractor's state of mind.[62]

The same is true of the second aspect of the government knowledge defense. Relators contend, quite correctly, that falsity is an objective concept.[63] But as the Court

---

[60] Docket 354 at 2.

[61] *United States ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 327 (9th Cir. 1995).

[62] Indeed, some courts have adopted the term "government knowledge inference" for precisely this reason. *See, e.g.*, *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 951–52 (10th Cir. 2008).

[63] *See* Docket 360-1 (Surreply) at 4.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 15 of 19

explained in its order on summary judgment, this concept must be applied to a particular assertion. The relevant "statement" a court must analyze for "falsity" is necessarily defined by what a contractor tells the government; government knowledge is used "to define the scope of the statement which is alleged to be false."[64] In this way, an otherwise misleading "generalized statement" may be rendered true by inclusion of "added details."[65] Just so in this case, where Honeywell's "generalized statement" of certain anticipated savings or certain "baseline" costs was supported by substantial "added details" that clarified the meaning of the generalized statement.[66] Here again the question is framed in terms of "government knowledge," but the inquiry is actually into the contractor's conduct: what, precisely, did the contractor tell the government? It is what the contractor told the government that the factfinder must assess for falsity.

### 2. Legal Interpretations

One theory Relators identified at summary judgment was that Honeywell effectively made a false statement about the meaning of the ESPC statute (and associated regulations) by presenting the government with proposals that Relators maintain did not comply with those laws.[67] At the present stage in the proceedings, the parties are contesting whether this was a reasonable argument or a frivolous one.

---

[64] Docket 320 at 16.

[65] *United States ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 328 (9th Cir. 1995).

[66] See Docket 320 at 25.

[67] *See* Docket 303-1 (Unredacted Opp. to Defendants' Mot. for Summ. J.) at 13. As the Court explained in its order on summary judgment, Relators made this argument only in their opposition to Honeywell's motion, and not in their own affirmative motion. *See* Docket 320 at 35.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 16 of 19

Relators' Surreply presents more fully their argument on this second point: that a contractor cannot rely on legal ambiguity to negate falsity. Relators point to several Ninth Circuit cases and district court decisions from around the country that suggest that the reasonableness of an interpretation of a statute or regulation is no defense to falsity (although it may be relevant to scienter).[68]

Plaintiffs may well be correct on this point as an abstract matter, but it seems of little import given both the lack of evidence of scienter[69] and the actual, concrete facts of this action. Here, Relators premised liability on a supposed statement by Honeywell that its proposals were consistent with applicable statutory and regulatory requirements— specifically, that the "net savings" calculations accounted for pre- and post-contract costs as required.[70] Relators do not argue that the mathematical calculations were themselves incorrect. Rather, they maintain under this theory that the calculations did not include everything required by the applicable law.[71] Relators did not point to any specific

---

[68] *See* Docket 360-1 at 3–6.

[69] Relators cited to Ms. Wunsch's testimony to show that Honeywell had never told the government that the contract was illegal. *See* Docket 225 at 18. But as Ms. Wunsch made clear, the reason for this was that they had no reason to do so because they had no reason to believe that it *was* illegal. *See* Docket 265-18 (Wunsch (Johnson) Dep. at 5 (248:17) ("We had no reason to."); 6 (250:22) ("I don't believe that's true."). Thus, even if submitting the proposals did constitute a factual assertion that the contracts were "legal" and even if that assertion was "false," Relators pointed to no evidence from which a factfinder could conclude that Honeywell *knowingly* made a false statement.

[70] *See* Docket 303-1 (Corrected Opp. to Mot. for Summ. J.) at 13 ("Honeywell did not advise the Army that the net condition of 'no savings' was an ESPC disqualifier.").

[71] There was somewhat conflicting regulatory guidance on the point. *See, e.g.*, Docket 223-60 (U.S. Dep't of Energy ESPC September 2000 Guidelines) at 58 ("Proper [baseline] assessment commonly involves projecting post-retrofit conditions onto the baseline period."); Docket 223-60 at 61 ("In *most* cases the unit cost of energy will be based on a servicing utility's energy rate schedules at the time the project is implemented." (emphasis added)).

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 17 of 19

statement by Honeywell explicitly representing the contracts and proposals as "legal," but argued that Honeywell implicitly did so by submitting the proposals at all.[72]

The Court does not broadly dispute Relators' argument that "it is improper to determine the issue of 'falsity' under the FCA by resort to a subjective interpretation of the regulatory or statutory requirement in question."[73]  But what the Court does doubt is the applicability of that maxim to this case, where truth or falsity of the relevant "statement" does not turn on the correct legal interpretation.  Moreover, Relators do not contest that "a subjective interpretation" would be relevant to scienter.  And the Court also doubts that—assuming full disclosure of the relevant facts—a contractor's proffered interpretation of a statute could ever be material to the government's decision to award a contract, especially when the government is in at least as good a position to make its own judgment as to the meaning of the statute, and has an army of lawyers for just such a purpose.

---

[72] *See, e.g.*, Docket 225 (Relators' Mot. for Summ. J.) at 26 ("The Army relied on Honeywell's expertise and experience that it would not make a proposal that was illegal under the ESPC statute and that it would provide a cost of energy savings guarantee that was legal under the statute.").

[73] Docket 360-1 (Surreply) at 6 n.4.  In reviewing the Court's order on summary judgment, the Court observes that it quoted an Eighth Circuit case to support its conclusion that determining the correct interpretation of the applicable rules was not necessary to determine whether Honeywell's purported assertion of the proposals' legality could support an FCA claim.  *See* Docket 320 at 36 (quoting *United States ex rel. Hixson v. Health Mgmt. Sys., Inc.*, 613 F.3d 1186, 1190 (8th Cir. 2010)).  The Ninth Circuit has rejected the Eighth Circuit's assessment of the relevance of legal ambiguity to the "falsity" of a statement.  *See United States v. Bourseau*, 531 F.3d 1159, 1164 n.2 (9th Cir. 2008).  Although the quotation relied on by the Court in its earlier order is not in accord with the general rule in the Ninth Circuit, that general rule has no application here where actual compliance is not at issue.

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 18 of 19

3.    *Reasonableness of Relators' Arguments*

Notwithstanding that the Court is not persuaded by Relators' legal arguments, those arguments are neither frivolous nor vexatious.  The relevance of government knowledge or legal ambiguity to an FCA claim has challenged courts and litigants for decades.  The Court will not award fees on this basis.

## CONCLUSION

Defendants' Motion for Attorney Fees at Docket 325 is DENIED.

DATED this 8th day of May, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:07-cv-00215-SLG, *United States ex rel. Berg et al. v. Honeywell Int'l, Inc. et al.*
Order re Motion for Attorney Fees
Page 19 of 19